IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN KURUZOVICH,

                Plaintiff,

                                                          OPINION AND ORDER

  v.

                                                              09-cv-153-bbc

WISCONSIN STATE LEGISLATIVE COUNCIL;
STEVE WATTERS, Director, Sand Ridge Secure
Treatment Center; WENDY NORBERG, Deputy Director,
Sand Ridge Secure Treatment Center; STEVE SCHNEIDER,
Security Director, Sand Ridge Secure Treatment Center; and
JOHN and JANE DOE;

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for declaratory and injunctive relief brought pursuant to 42 U.S.C. §§ 1983, 1985(2) and (3) and 1986. Plaintiff Brian Kuruzovich is civilly committed under Wis. Stat. ch. 980 and detained at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. He has submitted a proposed complaint in which he alleges that defendants Wisconsin State Legislative Council, Steve Watters, Wendy Norberg, Steve Schneider and John and Jane Doe deprived him of privileges and property without due process for conversing with a staff member, in violation of his rights under the First and

1

Fourteenth Amendments. Plaintiff requests leave to proceed in forma pauperis and has made the initial partial payment required of him under 28 U.S.C. § 1915.

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, when a litigant is requesting leave to proceed in forma pauperis, the court must deny leave to proceed if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having reviewed the proposed complaint, I conclude that plaintiff may not proceed at this time because his complaint violates Fed. R. Civ. P. 8. Accordingly, I will reserve ruling on the merits of his complaint until he remedies these violations.

OPINION

A. Rule 8

The complaint does not meet the requirements of Fed. R. Civ. P. 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Although plaintiff alleges that he was disciplined in January 2008 for conversing with a staff member, he fails to describe that incident or identify who was personally involved or how they were involved.  Rule 8 requires such information.  Additionally, plaintiff cites violations of the First Amendment and the procedural and equal protection clauses of the Fourteenth Amendment.  However, he does not identify what speech, property interests or privileges that he believes are protected or why they are protected or explain what procedural protections he thinks that others received that he failed to receive.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice.  Plaintiff is free to file an amended complaint that fixes these problems.  He may have until July 10, 2009, within which to submit an amended complaint.  If plaintiff fails to respond by July 10, 2009, I will close this case.

## B.  Other Concerns

As a final matter, I note that plaintiff should keep a few things in mind in the event that he chooses to file an amended complaint.  First, he filed this suit against the Wisconsin State Legislative Council as well as individual defendants.  Plaintiff should be aware that the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

Second, plaintiff generally alleges that defendants Watters, Norberg and Schneider created and endorsed policies that violated his constitutional rights. Liability under 42 U.S.C. § 1983 requires a defendant's personal involvement in a constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). The Supreme Court's recent holding in Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1948 (2009) explains that supervisors cannot be held liable for mere "knowledge and acquiescence" of their subordinates' unconstitutional acts.

Third, plaintiff states that his complaint is brought in part under 42 U.S.C. §§ 1985(2) and (3) and 1986. Section 1985(2) and (3) both require proof of a racial or otherwise class-based discriminatory animus behind the defendants' actions. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993); Griffin v. Breckenridge, 403 U.S. 88 (1971); Brokaw v. Mercer County, 235 F.3d 1000, 1024 (7th Cir. 2000). Section 1986 creates a cause of action against a person who neglects or refuses to stop a conspiracy to violate the civil rights of a member of a protected class. However, there is no independent liability under § 1986; instead "liability under § 1986 is derivative of § 1985(3) liability; without a violation of § 1985(3), there can be no violation of § 1986." Grimes v. Smith, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985). In order to prevail under these statutes, plaintiff will have to show that two or more defendants acted in concert to deprive him of a constitutional or civil right because of his race or class.

ORDER

IT IS ORDERED that:

1. Plaintiff Brian Kuruzovich's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until July 10, 2009, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8. If, by July 10, 2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3. If, by July 10, 2009, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether plaintiff may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 18th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge